**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Amir Hossein,<br><br>    Plaintiff,<br><br>  v.<br><br>JP Morgan Chase Bank N.A. and Equifax Information Services, LLC,<br><br>    Defendants. | Case No. _____ |

<u>**NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A.**</u>

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes the above-captioned action, *Amir Hossein v. JPMorgan Chase Bank N.A., et al.*, Queens County Index No. 705690/2026 (the "State Court Action"), from the Supreme Court of the State of New York, Queens County (the "State Court") to the United States District Court for the Eastern District of New York.

Plaintiff Amir Hossein ("Plaintiff") commenced the State Court Action by filing a Summons and Complaint in the State Court on February 27, 2026.

Chase denies any liability to Plaintiff, and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

**Procedural Background**

1. On February 27, 2026, Plaintiff filed a Summons and Complaint ("Compl.") in the State Court Action.[2]

2. Chase first received a copy of the Summons and Complaint on March 3, 2026. No other process, pleadings, or orders have been served upon Chase in the State Court Action.

3. Defendant Equifax Information Services, LLC. consents to removal.[3]

**The Complaint**

4. Plaintiff alleges he had a credit account with Chase with a number ending 5508 (the "Account"), in which certain outstanding debt was charged off by Chase. Compl. ¶ 22.

5. Plaintiff alleges he settled this charged-off debt with Chase (*id.* ¶ 23), after which he sent a dispute letter to Equifax. *Id.* ¶ 26. Plaintiff alleges, upon information and belief, that Equifax sent the dispute letter to Chase. *Id.* ¶ 29.

6. Plaintiff alleges that Chase and Equifax (collectively, "Defendants") "continued to report the debt as unpaid" with an outstanding balance *Id.* ¶ 31.

7. Plaintiff alleges that such reporting "misleadingly inflates Plaintiff's liabilities and violates the FCRA." *Id.* ¶ 32.

8. Plaintiff alleges four causes of action against: (1) Equifax for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b) (Compl. ¶¶ 39-52); (2) Equifax for violation of the FCRA, 15 U.S.C. § 1681i, *et seq.* (Compl. ¶¶ 53-63); (3) Chase for violation of the FCRA, 15 U.S.C. § 1681s-2(b) (Compl. ¶¶ 64-90); and (4) Equifax for violation of the New York Fair Credit Reporting Act § 380 (Compl. ¶¶ 91-101).

---

[2] A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

[3] A copy of a Consent to Removal executed by Equifax is annexed hereto as **Exhibit B**.

**Service on the State Court**

9.      As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the Supreme Court of the State of New York, Queens County of this Notice of Removal and serve a copy on all parties.[4]

**Venue**

10.      The State Court Action was filed in the Supreme Court of the State of New York, Queens County.  Venue properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a).

**Timeliness**

11.      As noted above, Chase first received a copy of the Complaint on March 3, 2026. *See supra* ¶ 2.

12.      28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ."  This Notice of Removal is timely filed because thirty days have not elapsed since Chase's receipt of the Complaint.  *See* 28 U.S.C. § 1446(b)(1).

**The Court has Federal Question Jurisdiction and Supplemental Jurisdiction**

13.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

---

[4] A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit C**.

14.     Plaintiff asserts claims against Defendants for violations of the federal FCRA.  *See* Compl. ¶¶ 39-90.

15.     Chase is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1331.

16.      Additionally, this Court has supplemental jurisdiction over the state-law claim against Equifax for violation of the New York Fair Credit Reporting Act.  Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  That is the case here.  Plaintiff's New York Fair Credit Reporting Act claim arises out of the same alleged investigation by Equifax into Plaintiff's credit dispute that forms the basis for his FCRA claims.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claim.

## No Admission of Liability

17.     By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the Complaint, does not contend that the Complaint adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint or any relief of any kind.  Chase reserves all rights in responding to the Complaint.

## Conclusion

18.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Wherefore, the State Court Action is hereby removed to this Court from the Supreme Court of the State of New York, Queens County.

Dated:  April 2, 2026
Garden City, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:

_/s/ Ryan Sirianni_
Ryan Sirianni

900 Stewart Ave., Suite 505
Garden City, NY 11530
516.629.9600
Ryan.Sirianni@gtlaw.com

_Counsel for Defendant_
_JPMorgan Chase Bank, N.A._

5